UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES LEVERETT,

    Defendant.
_____/

Case No. 17-20845
Case No. 19-20098
Hon. George Caram Steeh

ORDER DENYING MOTION FOR
REDUCTION OF SENTENCE (ECF NOS. 53, 20)

Defendant, Charles Leverett, moves for compassionate release pursuant to 18 U.S.C. § 3582(c). In 2018, while on supervised release for a 2012 conviction, Leverett was charged with being a felon in possession of a firearm. He pleaded guilty to that charge (Case No. 19-20098) as well as supervised release violations in Case No. 17-20845. The court sentenced Leverett to an aggregate of 77 months in prison, at the low end of the advisory guidelines range. He began serving his sentence on July 1, 2021, and his anticipated release date is December 12, 2026.

Leverett seeks a sentence reduction based upon his family circumstances, claiming that his wife's severe depression and drug

-1-

addiction make her unable to care for their two children. Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Although compassionate release motions were historically initiated only by the Bureau of Prisons, the First Step Act allows prisoners to file such motions on their own behalf, after exhausting their administrative remedies. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020); *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).

Leverett submitted a request for compassionate release to the warden of his facility on July 13, 2022, and did not receive a response. Case No. 19-20098, ECF No. 53 at PageID 407. Although the government notes that the BOP is unable to find a record of Leverett's request, the court finds that Leverett has exhausted his administrative remedies, based upon his documentation.

When reviewing a compassionate-release motion, the court considers the following: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and

(3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

The "extraordinary and compelling" requirement is a substantial hurdle. Certain family circumstances may rise to this level, although they are generally limited to situations in which the defendant is the only available caregiver for minor children or an incapacitated spouse. *See* U.S.S.G. § 1B1.13; *United States v. Gibson*, 2021 WL 2549682, at *4 (E.D. Mich. June 22, 2021) ("[D]istrict courts continue to 'routinely den[y] motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor child, even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child.'") (collecting cases). Leverett has not substantiated his claim that his wife is incapacitated, or that there are no other available caregivers for his minor children.

Moreover, the relevant § 3553 factors do not support a sentence reduction in this case. These factors include the defendant's history and

characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public. 18 U.S.C. § 3553(a). It is presumed "that the district court's initial balancing of the § 3553(a) factors during [defendant's] sentencing remains an accurate assessment as to whether those factors justify a sentence reduction, meaning [defendant] must make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

At Leverett's sentencing hearing, less than eighteen months ago, the court determined that a significant sentence was warranted based upon the seriousness of the offense, his history of recidivism, the need for specific deterrence, and to protect the public. ECF No. 52 at PageID 382-85. Additionally, Leverett was sentenced at the low end of the guidelines range and has served less than a quarter of his sentence. A reduction to time served, in light of the amount of time remaining, would not be consistent with the factors the court considered at sentencing and would not constitute just punishment or promote respect for the law. *Ruffin*, 978 F.3d at 1008 ("We have recognized that some of the § 3553(a) factors, including the 'need to provide just punishment' and 'to reflect the seriousness of the

-4-

offense,' allow courts to consider the 'amount of time' that a defendant has served on a sentence when deciding whether to grant a sentence reduction."). The court's original assessment of the § 3553 factors remains accurate and precludes a reduction in Leverett's sentence.

Leverett has not demonstrated compelling reasons for a sentence reduction or that the § 3553 factors weigh in favor of compassionate release. Therefore, IT IS HEREBY ORDERED that Leverett's motion for reduction in sentence (ECF Nos. 53, 20) is DENIED.

Dated:  November 2, 2022

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 2, 2022, by electronic and/or ordinary mail and also on Charles Leverett #10680088, Hazelton U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 5000, Bruceton Mills, WV 26525.

s/Brianna Sauve
Deputy Clerk