UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 17-20845
    Case No. 19-20098
    Hon. George Caram Steeh

CHARLES LEVERETT,

    Defendant.
_____/

## ORDER DENYING MOTIONS TO REDUCE SENTENCE AND FOR STAY

Defendant, Charles Leverett, moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). In 2018, while on supervised release for a 2012 conviction, Leverett was charged with being a felon in possession of a firearm. He pleaded guilty to that charge (Case No. 19-20098) as well as supervised release violations in Case No. 17-20845. The court sentenced Leverett to an aggregate of 77 months in prison, at the low end of the advisory guidelines range. He began serving his sentence on July 1, 2021, and his anticipated release date is December 12, 2026.

Defendant seeks a reduction in his sentence based upon amendments to the United States Sentencing Guidelines that went into effect on November 1, 2023. *See* Sentencing Guidelines for United States

-1-

Courts, 88 Fed. Reg. 28254-01 (May 3, 2023). After filing his motion, he moved to hold it in abeyance until the amendments could be applied retroactively, on February 1, 2024. See U.S.S.G. § 1B1.10(e)(2).

In general, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, § 3582(c)(2) authorizes the court to modify a sentence when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* The court may reduce a defendant's sentence only if the sentencing factors set forth in § 3553(a) weigh in favor of a reduction and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," that is, § 1B1.10. *Id.* Therefore, the court conducts a two-step inquiry: "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Section 1B1.10 provides:

> (2) Exclusions. --A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if--
>     (A) None of the amendments listed in subsection (d) is applicable to the defendant; or

-2-

> (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a). Subsection (d) lists the covered amendments that the court may apply retroactively to modify a defendant's sentence.

Leverett argues that three new provisions would serve to lower his guideline range: § 4A1.1(e), § 4C1.1, and the amended commentary to § 4A1.3 (collectively "Amendment 821"). The amended commentary to § 4A1.3 states that a "downward departure from the defendant's criminal history category may be warranted" if the "defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person." 88 Fed. Reg. 28254-01, 2023 WL 3199918 at *28272. The Sentencing Commission has not, however, stated an intention to apply this provision (Part C) retroactively.[1] See U.S.S.G. § 1B1.10(d) (listing of retroactive amendments).

On the other hand, the Sentencing Commission has determined that parts A and B of Amendment 821 – § 4A1.1(e) and § 4C1.1 – apply retroactively. Id. New section 4A1.1(e) reduces the number of status points

---

[1] See https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf.

added to a defendant's criminal history score if he commits an offense while under supervised release, from two points to one point. New section 4C1.1 relates to "adjustments for certain zero-point offenders" and is applicable if the "defendant did not receive any criminal history points from Chapter 4, Part A," among other criteria. *Id.*

Leverett was sentenced based upon a criminal history score of 23 points, or Category VI, which is the category applicable to 13 points and above. Assuming § 4A1.1(e) would apply to reduce Leverett's criminal history points by one, his criminal history category would not change and his guidelines range would not be affected. Similarly, § 4C1.1 would not apply to Leverett because he is not a "zero-point offender," but rather has a substantial number of criminal history points. Neither of the retroactive provisions of Amendment 821 would have the effect of lowering Leverett's guideline range; accordingly, he is not eligible for a sentence reduction pursuant to § 1B1.10.

Therefore, because the court lacks the authority to modify Leverett's sentence, IT IS HEREBY ORDERED that his motion to reduce sentence is DENIED and his motion to stay is DENIED AS MOOT.

Dated: February 8, 2024         s/George Caram Steeh
                                HON. GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

-5-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 8, 2024, by electronic and/or ordinary mail and also on Charles Leverett, #10680088, P.O. Box 1000, Milan, MI 48160.

s/LaShawn Saulsberry
Deputy Clerk